UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-00102-HBB

CHASTITY HALL, ON BEHALF OF
RANDY G. HALL, DECEASED                                    PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                             DEFENDANT

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Chastity hall, seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Ms. Hall is standing in the place of her deceased husband, Randy G. Hall. When the undersigned references "Plaintiff" in this opinion, he is referring to Randy Hall, who was in this case the claimant. Both the Plaintiff (DN 17) and Defendant (DN 22) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered October 17, 2017 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed applications for Disability Insurance Benefits, Period of Disability Benefits, and Supplemental Security Income on May 27, 2014 (Tr. 11, 233, 239). Plaintiff alleged that he became disabled on November 25, 2011 (Tr. 11). However, Plaintiff amended his disability onset date during an administrative hearing to January 1, 2014 (Tr. 11, 57). Plaintiff alleged disability as a result of PTSD, depression, breathing difficulties, anxiety, arthritis, and liver problems. (Tr. 256). Administrative Law Judge Lisa Hall conducted a hearing on August 23, 2016 in Paducah, Kentucky. Plaintiff was present and represented by his attorney, Sarah Martin. Also present and testifying was vocational expert Thomas Holcomb.

In a decision dated November 15, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 7). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 2014, the alleged onset date (Tr. 13). At the second step, the ALJ determined that Plaintiff's chronic obstructive pulmonary disease and anxiety are "severe" impairments within the meaning of the regulations (Tr. 13). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a reduced range of sedentary work described as follows:

> Specifically, the claimant can lift and carry or push/pull 10 pounds occasionally. He can sit for at least 6 hours each in an 8-hour workday. He can stand and walk about 2 hours in an 8-hour workday. He should never climb, but can occasionally engage in other postural activities. He should avoid concentrated exposure to temperature extremes and avoid even moderate exposure to pulmonary irritants.

> The claimant can perform simple, routine, repetitive work tasks, meaning tasks that apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form, with the ability to deal with problems involving several concrete variables in or from standardized situations. The claimant can frequently interact with coworkers and supervisors and occasionally interact with the general public.

(Tr. 16).

Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work (Tr. 21).

The ALJ proceeded to the fifth step where she considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 21). The ALJ concluded that, prior to December 13, 2015, the date Plaintiff's age category changed, Plaintiff was capable of performing a significant number of jobs that exist in the national economy (Tr. 21-22). However, after December 13, 2015, Medical Vocational Rule 201.10 required a finding that Plaintiff is disabled and remained disabled through the date of the decision (Tr. 22).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 230). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial

evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ granted in part and denied Plaintiff's claim at the fifth step, as explained above.

## A. Challenged Findings

Plaintiff first challenges the ALJ's decision at step 3, arguing that the medical evidence requires a finding that Plaintiff satisfied Listing 3.02(a) (DN 17 at PageID # 2222-24). Next, Plaintiff argues the LJ erred in not affording controlling weight to Susan Rice, APRN (Id. at pageID # 2224-25). It appears Plaintiff is arguing that Ms. Rice is entitled to controlling weight

5

as a treating source, but Plaintiff argues in the alternative that her opinion is at least entitled to great weight. Plaintiff next argues the ALJ failed to afford sufficient weight to the opinion of Wendy Russell (Id. at PageID # 2225-28). Next, Plaintiff argues the ALJ erred in only affording some weight to pulmonologist Dr. Nesketa (Id. at 2228-30). Finally, Plaintiff argues the ALJ erred in failing to consider the effect of the combination of Plaintiff's impairments (Id. at PageID # 2230-32).

B. Discussion

1. Listing 3.02

"For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). An ALJ need not discuss a Listing whose requirements the claimant clearly doesn't meet. Sheeks v. Comm'r of Soc. Sec., 544 F. App'x 639, 641 (6th Cir. 2013). Listing 3.02A requires a claimant demonstrate that their forced expiratory volume in one second (FEV1) is "less than or equal to the value in Table I-A or I-B for [their] age, gender, and height without shoes.]" 20 C.F.R. Pt 404, Subpt P, App. 1 § 3.02A Table I. The explanatory section preceding this listing notes:

> Spirometry, which measures how well you move air into and out of your lungs, involves at least three forced expiratory maneuvers during the same test session. A forced expiratory maneuver is a maximum inhalation followed by a forced maximum exhalation, and measures exhaled volumes of air over time. The volume of air you exhale in the first second of the forced expiratory maneuver is the FEV1.

Id. at § 3.00E1. Notably, the section later provides that "[w] e use your highest FEV1 value to evaluate your respiratory disorder under 3.02A[.]" Id.

Here, Plaintiff is sixty-nine inches tall, meaning his highest FEV1 value would need to be

6

less than or equal to 1.75 liters. As the ALJ noted (Tr. 14), Plaintiff's highest FEV1 value was his pre-bronchodilator result of 2.04 liters (Tr. 483). Of course, 2.04 is higher than 1.75. As a result, the ALJ bore no obligation to discuss Listing 3.02A because Plaintiff obviously couldn't satisfy the objective requirements. Plaintiff's claim that the post-bronchodilator value is the APPROPRIATE number to consider is simply unsupported and without merit. This claim is therefore denied.

## 2. Weight Afforded to Susan Rice and Wendy Russell

For applications such as this filed prior to April 1, 2017, the term "*medical sources*" refers to "acceptable medical sources, *or* other health care providers who are not acceptable medical sources." 20 C.F.R. §§ 404.1502, 416.902 (emphasis added). Only acceptable medical sources can offer medical opinions and therefore be afforded controlling weight. SSR 06-03p. Ms. Rice, as the ALJ noted (Tr. 18), is a nurse. Nurses are not acceptable medical sources under the guidelines applicable to Plaintiff's case. SSR 06-03p. As a result, her opinion was not entitled to any particular deference or weight. Nonetheless, the ALJ discussed Ms. Rice's opinion and afforded it some weight (Tr. 18). Notably, while the Sixth Circuit has suggested that an ALJ need not provide any reasons at all for discounting a non-acceptable medical source opinion,[1] in this instance the ALJ offered a reason: that the opinion was inconsistent with the medical evidence of record (Tr. 14). The ALJ thus satisfied all requirements when discussing Ms. Rice's opinion. This aspect of the ALJ's decision is supported by substantial evidence and comports with applicable law. Plaintiff's claim is therefore denied.

Similarly, Ms. Russell is a professional counselor (Tr. 20). Professional counselors are, like nurses, not acceptable medical sources under the guidelines applicable in this case. SSR 06-

---

[1] *See* Martin v. Comm'r of Soc. Sec., 658 F. App'x 255, 259 (6th Cir. 2016); Thacker v. Comm'r of Soc. Sec., 99 F. App'x 661, 664 (6th Cir. 2004).

03p. For all the reasons set forth above, then, her opinion is not entitled to controlling weight. Additionally, the ALJ discussed Ms. Russell's opinion, noting that such extreme limitations were inconsistent with the medical record and were more suggestive of a patient who should have been hospitalized (Tr. 20). Thus, this claim is also without merit and is denied.

### 3. Opinion of Dr. Nesketa

The next issue is whether the ALJ appropriately discounted the opinion of pulmonologist Dr. Nesketa. Plaintiff argues that Dr. Nesketa was a treating physician entitled to controlling weight. The problem is, Dr. Nesketa based his entire opinion as to Plaintiff's limitations on the Plaintiff's own subjective complaints (Tr. 646). His report even acknowledges as much where, when asked about day-to-day limitations, Dr. Nesketa states "[t]he only thing I can tell you is from the history, what he tells me" (Id.). Repetition of a claimant's subjective complaints does not constitute objective medical evidence. Mitchell v. Comm'r of Soc. Sec., 330 F. App'x 563, 569 (6th Cir. 2009). Moreover, Plaintiff has failed to identify any limitation that, if incorporated, would have altered the resulting RFC. Finally, and most puzzling, the report cited by Plaintiff is dated January of 2016, after the date the ALJ determined Plaintiff became disabled. Thus it is unclear what value Plaintiff hopes this report, even taken at its word, could contribute to his claim for benefits before his fiftieth birthday. This claim is without merit and is therefore denied.

### 4. Impairments in Combination

The next issue is whether the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has again presented an argument without support in the record. The ALJ referred to Plaintiff's "impairments" in the plural throughout the opinion (Tr. 13, 15, 17-18, 20). The RFC clearly contemplates multiple impairments, and the ALJ's hypothetical question to the

vocational expert also reflected a consideration of multiple impairments (Tr. 80-81). Thus, Plaintiff's claim is baseless and is therefore denied.

Conclusion

The undersigned concludes that the decision of the Commissioner is supported by substantial evidence and comports with applicable law. All of Plaintiff's claims are without merit and are therefore denied.

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's claims are DENIED, and the complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

June 13, 2018

Copies: Counsel